UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

**MICHAEL MAYS**  **CIVIL ACTION NO. 3:12-cv-2950**
    **LA. DOC #426991**
**VS.**  **SECTION P**

    **JUDGE JAMES T. TRIMBLE, JR.**

**ASST. WARDEN STINSON, ET AL.**  **MAGISTRATE JUDGE KAREN L. HAYES**

REPORT AND RECOMMENDATION

*Pro se* plaintiff Michael Mays, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on November 14, 2012. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (LDOC); he is incarcerated at the Jackson Parish Correctional Center (JPCC), Jonesboro. He claims that he is receiving inadequate medical care and treatment for chest pains and he sues various health care professionals and prison administrators seeking compensatory damages and the transfer to a "state penitentiary." In an amended complaint filed on January 4, 2013 he accused prison administration of interfering with his legal mail – namely the application to proceed *in forma pauperis* that he filed herein on December 13, 2012. He asked for a permanent injunction prohibiting the administration from further such interference. [Doc. 8] This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that plaintiff's civil rights complaint, including his motion for injunctive relief [Doc. 8] be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Background*

Plaintiff is an LDOC prisoner who is serving his sentence at the JPCC. On October 23, 2012, he made an emergency sick call because he was experiencing severe chest pain and shortness of breath. Someone, presumably Nurse Laura Freeman, advised him that the condition was not serious and had him take an aspirin. He did not thereafter in his pleadings describe what effect, if any, the aspirin had on his discomfort. In any event, he claimed that the condition is "ongoing" and that Freeman failed to do her job properly causing him severe pain, discomfort, loss of appetite and emotional and physical abuse. He concluded his complaint with a prayer seeking monetary damages and a transfer to an LDOC facility.

On January 4, 2013, plaintiff filed a pleading alleging "... the facility that I am currently housed at intercepted my legal mail and removed my first in forma pauperis form that I sent with my complaint." He claims that this activity interfered with the "filing process" of the instant suit and he requested that the defendants be enjoined from further such activity.

*Law and Analysis*

*1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C.§1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven

consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.  *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949,  173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's complaint, while short on factual support, adequately sets forth his claim for relief; further amendment is not necessary.

## 2. Medical Care

The gravamen of plaintiff's complaint is that his severe chest pain and shortness of breath were not treated correctly on October 23, 2012, and on unspecified dates thereafter.

The constitutional right of a convicted prisoner to safe conditions of confinement and prompt and adequate medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. Rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm which results in injury. Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm.  Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Thus, in order to establish an actionable constitutional violation a plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted). Plaintiff's pleadings fall far short of alleging facts sufficient to establish deliberate indifference on the part of any of the defendants  identified in his pleadings.

As a matter of fact, it is manifestly obvious that plaintiff simply disagrees with the decisions of the health care professionals who were responsible for his treatment. Plaintiff's disagreement with their treatment choices falls far short of establishing deliberate indifference since mere disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985).

Furthermore, deliberate indifference is not the equivalent of negligence; deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under the deliberate indifferent standard, it is not sufficient that defendants should have known of a substantial risk; they must have actual knowledge of the risk and must thereafter have ignored it. In other words, a civil rights plaintiff must allege and prove that each of the defendants knew of and then disregarded an <u>excessive risk</u> of injury to him, and, that they were both aware of the facts from which the inference could be drawn that a <u>substantial risk of serious harm existed</u>, <u>and that they drew that</u> inference. *Id.* at 837.

In short, plaintiff's failure to allege and demonstrate deliberate indifference warrants dismissal of his complaint as frivolous and for failing to state a claim for which relief may be granted.

*3. Legal Mail*

In his later pleading he alleged that unnamed defendants interfered with his legal mail – specifically, the application for in forma pauperis status which he claims was submitted with his original complaint. That claim is factually incorrect. The Clerk of Court received and filed the

application on the same date as he received and filed the original complaint. [See Docs. 1 and 2] A second fully executed and completed application was received thereafter on December 13. [Doc. 5] In any event, as noted above, plaintiff was permitted to proceed *in forma pauperis* and therefore he can show no injury even if the defendants inspected his outgoing mail.

Indeed, plaintiff has not established that the envelopes and contents that were the object of his complaint contained <u>privileged</u> correspondence. Indeed, the documents referred to were destined to become public records upon receipt by the Clerk of Court and therefore plaintiff cannot seriously contend that this mail was privileged in any way.  Plaintiff has not established that the defendants did anything more than open and inspect these envelopes for contraband, an activity which they are allowed by law to perform. *See Brewer v. Wilkinson*, 3 F.3d 816, 820-821 (5th Cir. 1993).

Again, and to the extent that plaintiff maintains that the defendants' acts interfered with his right of access to the courts, he fails to state a claim. An inmate alleging denial of access to the courts must demonstrate an actual injury stemming from defendants' allegedly unconstitutional conduct. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). As previously noted, plaintiff has been permitted to proceed in forma pauperis and therefore he is unable to demonstrate injury or prejudice.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint [Doc. 1] and his motion for permanent injunction [Doc. 8] be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, January 23, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE